**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| WENDY B. COBB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-cv-01705 SRC |
| ) | |
| AFFILIATED MANAGEMENT SERVICES, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

### **<u>Memorandum and Order</u>**

On June 1, 2021, the Court issued an order referring the case to mediation and instructing the parties to hold a mediation no later than August 16, 2021. Doc. 16. On August 19, 2021, Patrick Boyle, the neutral designated by the parties, Doc. 21, filed an ADR Compliance Report that informed the Court that no mediation was held. Doc. 26.

On August 20, 2021, the undersigned's law clerk emailed the parties' attorneys, Marwan Rocco Daher and Dennis J. Barton, III, to notify them that the Court received notice that no conference was held and instructed them to "inform the Court why the ADR conference did not occur." Doc. 28-1 (attached email). This email received no response.

On August 30, 2021, the Court issued the following order: "No later than September 2, 2021, the parties must notify the Court, in writing, why no ADR conference was held. Failure to respond may result in sanctions, up to and including dismissal of the case." Doc. 27. The parties failed to respond to this order.

Federal district courts have the "inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016). Even after the Court's express warning regarding the

consequences of the parties' failure to respond to its show cause order, neither party filed a response nor brought any issues to the attention of the Court.  The Court therefore deems Plaintiff Wendy Cobb to have abandoned her action and dismisses the action without prejudice under Federal Rule of Civil Procedure 41(b).  *See Henderson v. Renaissance Grand Hotel*, 267 Fed. Appx. 496, 497 (8th Cir. 2008) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order."); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").  Accordingly, the Court dismisses this matter, in its entirety, without prejudice.

The Court further admonishes the attorneys for both parties, Marwan Daher and Dennis Barton.  At a minimum, Daher and Barton needed to at least respond to the Court's orders.  Yet, rather than meeting this foundational requirement, Daher and Barton simply disregarded multiple direct orders from the Court.  Both attorneys therefore failed to abide by the instructions set forth in the preamble of the Missouri Rules of Professional Conduct that "[i]n all professional functions a lawyer should be competent, prompt and diligent[,]" and likely violated Missouri Rule of Professional Conduct 4-3.4(c), which instructs that "[a] lawyer shall not . . . knowingly disobey an obligation under the rules of a tribunal."  A mere response to the Court's orders may have sufficed, but the failure to respond in any manner requires public admonishment from the Court.

So Ordered this 13th day of September 2021.

*SLR.CR*

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**